IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,228






EX PARTE LAROYCE LATHAIR SMITH, Applicant






ON REMAND FROM


 THE SUPREME COURT OF THE UNITED STATES

 ON AN APPLICATION FOR A WRIT OF HABEAS CORPUS

FROM DALLAS COUNTY






 Hervey, J., filed a concurring opinion in which Keasler, J., joined. 



CONCURRING OPINION 



 Applicant has raised only an unpreserved federal constitutional claim that the two statutory
special issues and the nonstatutory "nullification" instruction at his 1991 capital murder trial did not
provide the jury with a vehicle to give appropriate effect to applicant's mitigating evidence. This
Court disposes of this unpreserved claim on an independent state ground under our state-law
"egregious harm" standard for "unobjected-to jury-charge error." (1) See Jimenez v. State, 32 S.W.3d
233, 237-39 (Tex.Cr.App. 2000). This essentially is the same review for unpreserved issues in the
federal system. See Jimenez, 32 S.W.3d at 238; see also United States v. Olano, 507 U.S. 725, 730-32 (1993).

 The Court's opinion asserts that applicant could theoretically have suffered "some" actual
harm from the "deficient" charge because the "two [statutory] special issues may not have fully and
completely encompassed every single bit of applicant's mitigation evidence." See Smith, slip op.
at 30. (2) The Court nonetheless decides that applicant suffered no "egregious harm" from the
"deficient" charge because the jury could still have meaningfully (though not fully) considered any
mitigating evidence within the context of the two statutory special issues under the circumstances
of this case. See Smith, slip op. at 29 (applicant fails to provide any persuasive argument that the
jury was unable to consider the totality of his extensive mitigating evidence, to appreciate his
punishment theme, or to take into account the specific evidence of his relatively low I.Q. test at the
age of thirteen, his participation in a special education reading program and speech therapy, or his
troubled family background). (3) 

 I would decide, however, consistent with the United States Supreme Court's decision in
Johnson v. Texas, that the Constitution requires only that a jury be provided with a vehicle to
meaningfully consider mitigating evidence and not, as the Court's opinion seems to decide, a vehicle
to "fully and completely" consider mitigating evidence. See Johnson v. Texas, 509 U.S. 354, 368-72
(1994) (Constitution requires only that a jury have some "meaningful basis" to give effect to
mitigating evidence not that "a jury be able to give effect to mitigating evidence in every conceivable
manner in which the evidence might be relevant"). (4) Since the two statutory special issues provided
applicant's jury with a vehicle to meaningfully consider applicant's mitigating evidence, there was
no deficient charge (i.e., no error) and consequently applicant could have suffered no harm,
particularly if the Supreme Court's decision in Johnson is still good law. See also Ex parte Smith,
132 S.W.3d 407, 427-28 (Tex.Cr.App. 2004) (Hervey, J., concurring). Under these circumstances,
the additional, nonstatutory "nullification" instruction was completely gratuitous and could only have
benefitted applicant by providing the jury with another vehicle to consider any mitigating evidence
more fully than what Johnson and the Constitution require. See id.

 So, even if the law requires that a jury be provided with a vehicle to "fully and completely"
consider mitigating evidence, (5) the "nullification" instruction, particularly with the way that it was
carefully explained to the jurors during voir dire, accomplished this. See Smith, 132 S.W.3d at 427-28 (Hervey, J., concurring). Since we are disposing of this case on an independent state ground, we
are not bound by the view expressed in Penry II, 532 U.S. at 801-02, that Texas jurors are incapable
of remembering, understanding and giving effect to the straightforward and manageable
"nullification" instruction such as the one in this case. See Smith, 132 S.W.3d at 427 (Hervey, J.,
concurring).

 I concur in the Court's judgment to deny habeas corpus relief. 


 Hervey, J.


Filed: March 1, 2006

Publish

1. See Ex parte Smith, S.W.3d slip op. at 2 (Tex.Cr.App. No. AP-74,228, delivered this
date) (op. on remand from United States Supreme Court).
2. This apparently is the reason the Court considers the charge to be deficient; i.e., the charge
did not provide the jury with a vehicle to "fully" consider some mitigating evidence.
3. The Court's opinion also states, Smith, slip op. at 30:


 It is possible that the two [statutory] special issues may not have fully and completely
encompassed every single bit of applicant's mitigation evidence and he may have
suffered "some" actual harm. However, we do not find that the deficient charge was
so egregiously injurious to his right to have the jury consider and evaluate all of his
mitigation evidence that he did not receive a "fundamentally fair trial." [Footnote
omitted]. All of his mitigating evidence was admitted, defense counsel did a superb
job of weaving all of that evidence into a compelling theory of the case, and his
attorneys presented a strong, coherent, and persuasive closing argument on
punishment. We therefore conclude that applicant has failed to show, by a
preponderance of the evidence, that the unobjected-to jury nullification instruction
caused him "egregious harm." 
4. Footnote 4 of the Court's opinion in this case cites to former Justice O'Connor's 5-4 decision
in Part III-B of Penry v. Johnson, 532 U.S. 782, 797 (2001) (Penry II), which quotes from her
dissenting opinion in Johnson, for the proposition that a jury must have a vehicle to give "full
consideration and full effect to mitigating" evidence. See Smith, slip op. at 2 n.4 (emphasis originally
in Penry II and Smith). Such a rule, however, would "effec[t] a sea change" and require a significant
alteration in the Supreme Court's capital sentencing jurisprudence as very thoroughly discussed in
Justice Kennedy's majority opinion for the Court in Johnson, 509 U.S. at 365-73. It would be very
difficult to conclude that Penry II overruled all of this jurisprudence, particularly Johnson, without
expressly saying so. It would be even more difficult to conclude that Justice Kennedy, in joining
Part III-B of former Justice O'Connor's opinion in Penry II, repudiated sub silentio the position that
he so very thoroughly set out in Johnson.
5. But see Johnson, 509 U.S. at 372 (Constitution does not require that "a jury be able to give
effect to mitigating evidence in every conceivable manner in which the evidence might be relevant").